# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50756
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 28, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

RODOLFO RIVERO GARCIA, JR.,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 4:17-CR-11-1

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Rodolfo Rivero Garcia, Jr., entered a conditional guilty plea to aiding and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50756

abetting the possession with intent to distribute 100 kilograms or more, but less than 1,000 kilograms, of marihuana. He appeals the denial of his motion to suppress the fruits of a warrantless stop of his vehicle by Border Patrol agents in Balmorhea, Texas, contending that there was no reasonable suspicion for the stop. Finding no error, we affirm.

We review the district court's legal conclusions, including whether there was reasonable suspicion, *de novo. See United States v. Cervantes*, 797 F.3d 326, 328 (5th Cir. 2015). The evidence presented at a suppression hearing is viewed in the light most favorable to the prevailing party, here the government. *See id.* Factual findings are reviewed for clear error. *See id.*

In determining whether reasonable suspicion exists in the context of roving Border Patrol stops, we examine the totality of the circumstances and weigh the factors in *United States v. Brignoni-Ponce*, 422 U.S. 873, 884−85 (1975). *Cervantes*, 797 F.3d at 329. The factors include (1) the area's proximity to the border; (2) the characteristics of the area; (3) usual traffic patterns; (4) the agents' experience in detecting illegal activity; (5) the driver's behavior; (6) characteristics of the vehicle; (7) recent illegal trafficking of aliens or narcotics in the area; and (8) the number of passengers and their appearance and behavior. *Id.*

In this case, although the important proximity-to-the-border factor is not present, given that the stop occurred between 50 and 100 miles from the Mexico-United States border, a careful examination of the remaining factors supports the determination that the agents had a reasonable suspicion of illegal activity sufficient to make the traffic stop. *See id.* at 330. As articulated by the district court, the testimony showed that the characteristics of the area, the agents' experience, and information about recent illegal alien and narcotics smuggling in the area contributed to reasonable suspicion. Indeed, the agents

2

No. 17-50756

who stopped Garcia's vehicle had a combined Border Patrol experience of 30 years and, on the night in question, had been briefed about a significant increase in activity in the Marfa and Alpine areas to the south. *See United States v. Ramirez*, 839 F.3d 437, 440 (5th Cir. 2016) (stating that experience is entitled to "significant weight"). In addition, the agents had been informed by their supervisor, after running a search of the Treasury Enforcement Communications System database, that both registered owners of the vehicle had "a lot" of alerts for narcotics smuggling.

Also weighing in favor of reasonable suspicion were the usual traffic patterns, the driver's behavior, and the vehicle's characteristics. Although Garcia contends his behavior was consistent with safe driving habits, he ignores the agent's testimony that he tapped his brakes and reduced his speed even though the merge onto the interstate was gradual, and further, that he failed to take the most direct route to Tyler, Texas (where the vehicle was registered). *See United States v. Zapata-Ibarra*, 212 F.3d 877, 883−84 (5th Cir. 2000). "Factors that ordinarily constitute innocent behavior may provide a composite picture sufficient to raise reasonable suspicion in the minds of experienced officers." *United States v. Jacquinot*, 258 F.3d 423, 427−28 (5th Cir. 2001). Finally, the vehicle's darkly tinted windows contributed to reasonable suspicion because they prevented the agents from allaying their other suspicions. *See United States v. Guerrero-Barajas*, 240 F.3d 428, 433 (5th Cir. 2001).

Considering the totality of these circumstances and the *Brignoni-Ponce* factors collectively, there was reasonable suspicion to stop Garcia's vehicle. The judgment is AFFIRMED.